AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                   **ORDER OF DETENTION PENDING TRIAL**

<u>RANDY G. JOHNSON, II</u>              Case Number: 09-20116-03-CM-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated:  October 28, 2009                       s/David J. Waxse
                                              *Signature of Judicial Officer*

                                              DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                              *Name and Title of Judicial Officer*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Randy G. Johnson, II
Criminal Action 09-20116-03-CM-DJW

## Part II - Written Statement of Reasons for Detention

The law provides a series of factors I have to consider in determining whether there are conditions of release that will assure your appearance and protect the safety of the community.

The first factor is the nature and circumstances of the offense charged, including whether it is a crime of violence or involves a firearm. It does, so that is a negative factor.

The next factor is the weight of the evidence. There is a Grand Jury Indictment which is a probable cause determination, so that is a negative factor.

The next factor is your history and characteristics, which includes your physical and mental condition. There is nothing that would indicate a problem with release, so that is positive.

Family ties are positive.

Employment at the moment is negative because you do not have any employment.

The next factor is financial resources. There is no indication that you have substantial resources that would enable you to flee, so that is a positive.

Length of residence in the community is positive.

Community ties are positive.

The next factor is past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. You have had 18 driving while suspended charges, which is an indication that you do not follow the law or instructions from courts.

The next factor is whether at the time of the current offense you were on probation, parole, or other release. You were, so that is also negative.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release. There is no indication of real danger to the community.

2

Based on your record, I do not have any confidence that I could set conditions that you would follow. Your entire adult life you have ignored the law and conditions from courts when you are either released or when you are placed on probation. For those reasons, you will remain detained pending further hearing in the case.